<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 98-2837**

———————

BONIFACE AKAIGWE,

Petitioner,

versus

U.S. IMMIGRATION & NATURALIZATION SERVICE,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A70-312-197)

———————

Submitted: July 22, 1999              Decided: August 11, 1999

———————

Before ERVIN and TRAXLER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Winston W. Tsai, Bethesda, Maryland, for Petitioner. David W. Ogden, Acting Assistant Attorney General, Elizabeth A. Welsh, Senior Litigation Counsel, William C. Erb, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Boniface Akaigwe seeks review of an order of the Board of Immigration Appeals (Board) affirming the decision of the immigration judge and denying him political asylum, 8 U.S.C.A. § 1158 (West 1999), and withholding of deportation, 8 U.S.C. § 1253(h) (1994).[1] Akaigwe is a native and citizen of Nigeria.

We conclude that the decision of the Board is supported by "reasonable, substantial, and probative evidence on the record considered as a whole. . . ."  8 U.S.C. § 1105a(a)(4) (1994).[2] Therefore, we deny Akaigwe's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[1] This section has been repealed by the Illegal Immigration Reform Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009.  However, because Akaigwe was in exclusion proceedings on the effective date of the Act, the amendments do not apply.  IIRIRA § 309(c)(1).

[2] Section 306(b) of the IIRIRA, repealed 8 U.S.C. § 1105a(a)(4), replacing it with 8 U.S.C.A. § 1252(b)(4) (West 1999).  Again, because Akaigwe was in exclusion proceedings before the effective date of the IIRIRA, the transitional rules provide for judicial review under § 1105a(a)(4) as it existed before enactment of the IIRIRA.  IIRIRA § 309(c)(4).